UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LADELL HENDERSON, | ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 14 cv 7123 ) |
| BEVERLY TURNER, | ) Judge Sharon Johnson Coleman ) |
| Defendant. | ) ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Ladell Henderson, an inmate at Stateville Correctional Center filed an Amended Complaint against Beverly Turner, a dialysis nurse employed by NaphCare, Inc. to provide nursing services at Stateville. Henderson alleges retaliation in violation of his First Amendment constitutional rights for a law suit that he filed in this court and a letter to the Director of Dialysis Operations at NaphCare, Inc. Defendant Turner moves to dismiss for failure to state a claim [31] under Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, this Court denies the motion.

**Background**

Henderson alleges that on April 19, 2011, he was in the infirmary with another inmate discussing a lawsuit that he had filed relating to his medical care at Stateville. Henderson further alleges that Nurse Beverly Turner was present in the infirmary for this conversation. That same day Turner assisted another dialysis nurse, Nancy Arozamena, with filing disciplinary tickets against Henderson for unauthorized movement, threats and intimidation, and insolence. Henderson asserts the disciplinary tickets falsely accused him. Turner allegedly filed the disciplinary tickets in retaliation

for Henderson having filed a complaint, *Henderson v. Randle, et al.*, No. 10-cv-6836, in this Court claiming deliberate indifference to his serious medical needs.

Henderson also alleges that he sent Turner's employer, Amber Leckenby, Director of Dialysis Operations at NaphCare, Inc. several letters regarding Nurse Turner. The first letter, sent on April 9, 2011, complained about the dialysis nursing care he was receiving and inquiring what the qualifications were for the job. On February 15, 2012, Henderson sent a second letter to Leckenby, criticizing the treatment he received from Turner. Henderson sent Leckenby a third letter on June 3, 2012, in which Henderson stating his belief that Turner was upset with him and that he feared retaliation.

On August 29, 2012, an administrative search was conducted of Turner's vehicle based on evidence that she was bringing contraband cellular telephones into Stateville to sell. During the investigation, Turner named Henderson as her accomplice, which Henderson denies. Henderson was sentenced to "5 months C Grade", 5 months segregation, and 5 months commissary restriction for his alleged role as accomplice. Henderson claims that Turner retaliated against him for the filing of his lawsuit and that he suffered the unwarranted discipline as a result.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. When reviewing a defendants Rule 12(b)(6) motion to dismiss, the Court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). Detailed factual allegations are not required, but the plaintiff must allege facts that when "accepted as true … state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

**Discussion**

As an initial matter, Henderson objects to the motion to dismiss on the basis that Turner filed an Answer (Dkt. 26) *pro se* before counsel filed their appearance and filed the instant motion to dismiss. Rule 12(b) specifically provides that a motion to dismiss must be made before pleading if a responsive pleading is allowed. Fed. R. Civ. P. 12(b). Here, Turner had already filed an Answer and this Court allowed counsel to file "an Amended Answer" based on Turner having been unrepresented at the time she filed her initial answer to the complaint. This Court could strike the motion on this basis. Rather than mandate the filing of an answer on the basis of a procedural technicality, this Court has reviewed the Amended Complaint in light of the parties' arguments and finds that Henderson has stated a claim.

Turner argues that Henderson fails to state a claim for retaliation because Turner was not a named defendant in Henderson's deliberate indifference lawsuit and therefore she would have no motive to retaliate against him. To state a First Amendment claim for retaliation Henderson must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take retaliatory action." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015) (quoting *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)).

Henderson alleges that he was discussing his deliberate indifference complaint with another inmate while Turner was present. He further alleges that in several letters to the Director of Dialysis Operations for NaphCare, Inc., Turner's employer, he criticized her treatment of him, questioned her qualifications, and asserted that Turner had provided improper treatment. The complaint also states that Turner filed disciplinary tickets against Turner on the same day as he alleges she would have heard the conversation about his lawsuit. The fact that Turner was not in fact named as a

plaintiff in the law suit does not alter the inference that she could have assumed that he named her and acted on that basis. Reviewing the Amended Complaint as a whole, this Court finds there is a reasonable inference of retaliation to be drawn. *See Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005). The standard for pleading is low and Henderson has provided sufficient facts to put Turner on notice of the claims against her. *See Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).

**Conclusion**

Based on the foregoing discussion, the Motion to Dismiss the Amended Complaint [31] is denied.

IT IS SO ORDERED.

Date: April 29, 2016

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge